UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANNY PEREZ,

    Petitioner,

    v.                                       CAUSE NO. 3:20-CV-783-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Danny Perez, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-8-239) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Perez argues that he is entitled to habeas relief because the hearing officer did not have sufficient evidence to support a finding of guilt. He notes that the conduct report indicates that he used a laundry bag to store the contraband but that the contraband was contained in a trash bag.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

> guilt. It is not our province to assess the comparative weight of the
> evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

> Departmental policy defines the offense of trafficking as:
>
> Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee.

ECF 15-11 at 2. The administrative record includes a conduct report in which a correctional officer represented that, at 11:10 a.m., on August 12, 2020, he observed Perez arrive from the visitor processing area and place a "laundry bag" on the floor of the shoeshine area and leave. ECF 15-1. The correctional officer searched the bag and found thirteen cellphones, eleven chargers, and about three pounds of tobacco. *Id.* The administrative record also includes a photograph of the confiscated contraband. ECF 15-2. Even if the conduct report misidentified the type of bag used to carry the contraband, the conduct report and the photographic evidence constitute some evidence that Perez committed the offense of trafficking. Therefore, the claim that the hearing officer did not have sufficient evidence to find Perez guilty is not a basis for habeas relief.

Perez argues that he is entitled to habeas relief because he requested a video recording of the shoeshine area where the confiscation occurred but did not receive it for the hearing. He maintains it would have exonerated him because it would have shown that he used a trash bag rather than a laundry bag. "[T]he inmate facing

disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* The parties dispute whether Perez made such a request at screening, but, even if he had, evidence that Perez used a trash bag rather than a laundry bag would not have exonerated him. As discussed above, the disciplinary charge turned on whether Perez moved physical objects from one place to another without authorization rather than on which type of bag Perez used. As a result, the court concludes that presenting the video recording as requested would not have affected the outcome of the hearing. *See Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (applying harmless error analysis to a prison disciplinary proceeding); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003) (same).

Perez argues that he is entitled to habeas relief because the sanction was excessive given his disciplinary history. An excessive sanction is not a valid basis for challenging a disciplinary sanction that is within the range of the offense for which the inmate was found guilty. *See United States ex rel. Long v. Pate*, 418 F.2d 1028, 1031 (7th Cir. 1970) (federal habeas courts do not reconsider State sentencing determinations within the statutory range). With respect to Class A offenses, the maximum sanctions are six months for loss of earned credit time and one demotion in credit class. ECF 15-12

at 40. The sanctions imposed on Perez were within this range. ECF 15-6. Therefore, Perez's claim that his sanction was excessive is not a basis for habeas relief.

Because Perez has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Perez wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 10);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Danny Perez leave to proceed in forma pauperis on appeal.

SO ORDERED this June 28, 2021.

s/Michael G. Gotsch, Sr.
Michael G. Gotsch, Sr.
United States Magistrate Judge